IN THE COMMON PLEAS COURT OF MUSKINGUM COUNTY, OHIO

2007 APR 12 PM 2:46

EDWARD ALEXANDER
3529 Maple Avenue
Zanesville, Ohio 43701

       Plaintiff

vs.

CITY OF ZANESVILLE
c/o Mayor Howard Zwelling
City Hall - 1st Floor, Room 105
Zanesville, Ohio 43701

SCOTT HILLIS
Law Director
825 Adair Avenue
Zanesville, Ohio 43701

CHIEF OF POLICE ERIC LAMBES
332 South Street
Zanesville, Ohio 43701

ZANESVILLE POLICE DEPARTMENT
c/o Chief Eric Lambes
332 South Street
Zanesville, Ohio 43701

ROBERT BRANDFORD
Public Safety Director
401 Market Street
City Hall - 2nd Fl. Rm. 227
Zanesville, Ohio 43701

Sheriff Robert Stephenson
Hall of Justice
28 N. 4th Street
Zanesville, Ohio 43701

       Defendants

Case No. CC 2007-0248

JUDGE COTTRILL

**COMPLAINT WITH JURY
DEMAND ENDORSED HEREON**

DESANTO LAW OFFICE
)30 CLAREMONT AVENUE
ASHLAND, OHIO
44805

TEL. (419) 289-1454


EXHIBIT A

## JURISDICTION

1. This action is brought for damages and other appropriate relief under 42 USC 1983 for violation of Plaintiff's Civil Rights under color of State law. Furthermore, this action is for claims under the laws and constitution of the State of Ohio.

2. Plaintiff Edward Alexander is a citizen of the State of Ohio and the United States of America.

3. Defendant Chief Eric Lambes was at all times material to the Complaint, the duly appointed Chief of Police of the City of Zanesville, Ohio and was an official of the Zanesville Police Department acting under color of law and a person within the meaning of 42 USC § 1983 and 1988. Defendant Lambes is named in his official and individual capacity.

4. Defendant Zanesville Police Department (hereinafter referred to as ZPD) is the local law enforcement agency of Zanesville operating under color of law and a person within the meaning of 42 USC § 1983 and 1988.

5. Defendant City of Zanesville is a municipality and political subdivision under the laws and Constitution of Ohio and is a person within the meaning of 42 USC § 1983 and 1988 and is located in Muskingum County, Ohio.

6. Defendant Scott Hillis was at all times material to the allegations of this Complaint, the Law Director of the City of Zanesville and legal advisor to the City of Zanesville, the ZPD and was an official responsible for the ZPD acting under color of law and a person within the meaning of 42 USC § 1983 and 1988. Defendant Hillis is named in his official and individual capacity.

7. Defendant Robert Brandford was at all times material to the allegations of this Complaint, was the Public Safety Director of the City of Zanesville acting under color of law and a person within the meaning of 42 USC § 1983 and 1988. Defendant Brandford is named in his individual and official capacity.

8. Defendant, Sheriff Robert Stephenson was at all times material to the allegations of this Complaint, the Sheriff of Muskingum County Ohio acting under color of law and a person within the meaning of 42 USC § 1983 and 1988. Defendant Stephenson is named in his individual and official capacity.

SANTO LAW OFFICE
CLAREMONT AVENUE
ASHLAND, OHIO
44805

TEL. (419) 289-1454

9. Defendants City of Zanesville, ZPD, Hillis, Lambes and Brandford acting individually or in active concert with other Defendants, under the color of law, deprived Plaintiff of rights, privileges and immunities guaranteed by the Constitution and laws of the United States of America and the State of Ohio.

10. Defendants City of Zanesville, ZPD, Hillis, Lambes and Brandford acted intentionally, willfully, wantonly, arbitrarily and in reckless disregard of the Plaintiff's rights and in a manner which was designed to deprive the Plaintiff or his federally guaranteed rights under the United States Constitution.

11. Defendants Lambes, Hillis and Brandford were acting as agents and policy making employees of Defendants City of Zanesville and ZPD in committing unlawful acts against Plaintiff and depriving him of his rights, privileges and immunities.

12. Upon information and belief, Plaintiff states that Sheriff Robert Stephenson conspired with other defendants to force lawful business from Muskingum County in reckless disregard of the facts and the law which resulted in the unlawful prosecution of the Plaintiff. Upon information and belief, Defendant Sheriff Robert Stephenson was motivated not by public duty but by personal animosity.

## COUNT ONE

13. Plaintiff alleges and realleges Paragraphs 1 through 12 as Paragraph 1 through 12 of this Count, with the same force and effect as if fully set forth herein.

14. On November 15, 2006, the Plaintiff was at his business Aces High in Zanesville, Ohio, Muskingum County. At all times on that day the Plaintiff was lawfully operating his business pursuant to the laws of the State of Ohio and the ordinances of the City of Zanesville, Ohio.

15. On or about October of 2006, Defendant, Sheriff Robert Stephenson unlawfully conspired to drive out skill based amusement business from Muskingum County by intimidation and issuing threats and encouraging other public officials to do the same.

16. On November 15, 2006 Defendant Lambes and other ZPD officers arrived at the Plaintiff's business. At that time Plaintiff had violated no law and Defendants had seen no evidence of probable cause that Plaintiff had committed an offense nor did the Defendants have any justification or authority whatsoever to seize any of Plaintiff's property.

SANTO LAW OFFICE
CLAREMONT AVENUE
ASHLAND, OHIO
44805

TEL. (419) 289-1454

17. At the time the Defendants were at Plaintiff's business there were 10 skill-based amusement machines that were used in Mr. Alexander's business. Said machines are lawful machines under the laws of the State of Ohio. Said machines were the property of Plaintiff, Edward Alexander and were used in Alexander's business.

18. Defendant Lambes failed to make any inquiry or investigation to determine the identity of the machines, the nature of the machines, how the machines worked or how long the Plaintiff possessed the machines nor did he examine inside of the machines. Lambes actions were reckless and wanton and made in bad faith.

19. Defendant Lambes consulted with Defendant Hillis. Defendant Hillis told Defendant Lambes to seize and remove the 10 skill-based amusement machines. Defendant Hillis instructed Defendant Lambes without first making any investigation or determination as to the identity of the machines, the nature of the machine, how the machines worked or how long the machines were possessed by the Plaintiff Alexander. Hillis' actions were reckless, wanton and made in bad faith.

20. At the time Defendant Hillis instructed Defendant Lambes to seize the 10 machines, Defendant Hillis was acting totally outside his role as a Prosecutor and acted in the role of a policeman and policy maker for the Defendant City of Zanesville and in such a way to negate any defense of absolute immunity.

21. While having ample time to do so, neither Defendants Hillis, Lambes nor ZPD sought a warrant from a Court to search or to seize any of Plaintiff Alexander's property.

22. Although Defendants Lambes and Hillis had no probable cause to believe the machines were connected to or were evidence of criminal activity, Defendant Lambes seized and carried away all 10 of the Plaintiff's skill-based amusement machines with reckless. wanton disregard for the truth. Defendant's Hillis and Lambes failed to make a reasonable effort to investigate and learn the facts. Said seizure was under color of State law and in violation of Plaintiff's Constitutional Rights guaranteed by the Constitution of the Untied States and the State of Ohio.

23. The Defendants' actions in illegally seizing the Plaintiff's property was the result of, and part of, a continuing policy of threats, harassment, pressure and malicious use of legal process designed to drive the Plaintiff and others out of business instituted by Defendant, City of Zanesville and Sheriff Stephenson.

:SANTO LAW OFFICE
0 CLAREMONT AVENUE
ASHLAND, OHIO
44805

TEL. (419) 289-1454

24. Defendants Lambes and Hillis conspired with the Defendant City of Zanesville to engage in a policy to ignore State law which permitted skill-based amusement machines and to drive such business featuring skill-based amusement machines out of the City of Zanesville through threats, intimidation, police harassment, illegal searches, creating unlawful ordinances, misuse of existing process and malicious abuse of process all under color of law.

25. On November 15, 2006 Defendants Hillis and ZPD and City of Zanesville filed a One Count Complaint against the Plaintiff charging him with operating a gambling house alleging that the seized machines were gambling machines. Plaintiff demanded a jury trial.

26. On January 23, 2007 in Case # 06CRB01815 in Zanesville Municipal Court the Court found that Defendants had illegally seized the 10 skill-based machines in violation of Mr. Alexander's constitutional rights and ordered all machines returned to the Plaintiff. The Court found that Defendant Lambes had no probable cause to associate the machines with criminal activity.

27. On January 12, 2007 Defendant Hillis filed a 12 Count Complaint alleging the 10 machines were not gambling machines but mechanical amusement devices and that Plaintiff had not complied with a licensing scheme of the City of Zanesville requiring licensing of amusement arcades and mechanical amusement devices. At the time of filing the 12 count complaint, Defendant Hillis knew or shortly thereafter knew that the charges brought against Plaintiff Alexander lacked merit and were not applicable to Alexander's machines. Still, Hillis persisted with the charges. Hillis' actions were wanton, reckless and made in bad faith.

28. On February 16, 2007 Defendants Hillis and the City of Zanesville over the objection of Plaintiff dismissed the Complaint of gambling against the Plaintiff despite the fact that the machines were available for the trial. (Exhibit 1) Said dismissal of the gambling charge was a calculated part of the plan of harassment and designed to avoid a Court determination that the seized machines were in fact lawful skill-based amusement machines. Defendants Hillis, Lambes, ZPD, City of Zanesville and Brandford demonstrated they would rather rely on threats and intimidation then Court determination to carry out their unlawful policies to drive out skill-based amusement machine businesses.

29. Prior to filing the above new licensing criminal Complaint, Defendant Hillis conspired with City of Zanesville Public Safety Director Brandford to deny Mr. Alexander's application for the licenses he was then being prosecuted for not having. In October 2006 Mr.

SANTO LAW OFFICE
CLAREMONT AVENUE
ASHLAND, OHIO
44805

TEL. (419) 289-1454

6

Alexander applied for license for an arcade amusement and mechanical amusement devices. Acting under color of law Defendants Hillis and Brandon made it impossible for the Plaintiff to obtain a license and refused to review his application. This action by the Defendants is a result of the policy of the City of Zanesville to drive out Mr. Alexander's lawful business by any means including misuse and abuse of the law, threats, intimidation, pressure and harassment.

30. On April 4, 2007 the Municipal Court Judge, William Joseph, dismissed all 12 charges against Alexander finding that the Zanesville ordinance under which Mr. Alexander was charged with violating did not apply to the skill based amusement machines in question. Thus Mr. Alexander was cleared by the Court of violating any ordinance of the city of Zanesville. (Exhibit 2)

31. The actions of Defendants Lambes, Hillis, ZPD, City of Zanesville, Stephenson and Brandford are willful, wanton and constitute reckless disregard of Plaintiff's rights guaranteed under the Constitution and laws of the United States and the State of Ohio. The Defendants' conduct is so outrageous and reckless as to justify punitive damage and attorney fees.

32. As a direct and proximate result of the unlawful acts of the Defendant's acting under color of State law, Plaintiff was caused damage including violation of his Fourth Amendment rights under the Constitution of the United States to be free from unreasonable searches and seizures and his right to due process of law under the Fourteenth Amendment to the United States Constitution. In addition Plaintiff has suffered lost monetary business profits from his business as well as future monetary business loss, he has been held up to public disgrace and characterized as an illegal gambler. Additionally Plaintiff has suffered out of pocket expenses for attorney fees in defending against unwarranted charges filed against him. Plaintiff has suffered unwarranted intentional inflection of emotional distress.

### COUNT II
### MALICIOUS CRIMINAL PROSECUTION

33. Plaintiff realleges, restates and incorporates all paragraphs proceeding as if fully rewritten and says that each and every Defendant individually and in concert caused criminal prosecution of the Plaintiff without probable cause to believe Plaintiff had committed an

offense and in fact knowing that he had not committed any unlawful act or being reckless in regard of that fact.

34. The Defendants maliciously filed or caused to be filed and commenced a criminal gambling offense and arcade licensing offenses against the Plaintiff for the reason that they, the Defendants, wish to eliminate skill-based machine business from the City of Zanesville and Defendants' believed that they could ignore the law of the State of Ohio and ordinances of the City of Zanesville and punish citizens who are doing business involving skill-based amusement machines.

35. Said charges caused to be filed by the Defendants were completely dismissed in Plaintiff's favor before the trial commenced.

36. The actions of each and every Defendant herein were malicious and for improper purpose and caused the Plaintiff to be damaged by a loss of his property, loss of business profit, incurring unwarranted costs to defend himself, emotional distress and loss of time.

## COUNT III

37. Plaintiff realleges, restates and incorporates all paragraphs proceeding as If fully rewritten and says that Defendant, City of Zanesville, Ohio continues its policy to eliminate lawful business of skill-based amusement machines by passing unreasonable and discriminatory and invalid ordinances designed not to regulate but to prohibit lawful skill based amusement business. The Defendant, City of Zanesville, continues to exhibit its unreasonable, unlawful policy towards skill based amusement business all to the damage of the Plaintiff and others.

38. The Defendant, City of Zanesville, Ohio has evidenced a malicious attitude towards innocent citizens and will not voluntarily stop its unlawful activity unless forced to do so by Court Order and punitive damages awarded by a jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that he be awarded jointly and severally against each and every Defendant in their individual and official capacity:

?SANTO LAW OFFICE
0 CLAREMONT AVENUE
ASHLAND, OHIO
44805

TEL. (419) 289-1454

8

A) Compensatory damages in the amount in excess of $500,000 for the illegal seizure of his property for the loss of his machines, loss of his past and future business profits, lost time, emotional distress, cost of an attorney to defend himself from Defendants' unlawful conduct and attorney fees associated with this action.

B) Two Million Dollars punitive damages as an amount commensurate with a public authority and officials intimidating, threatening, illegally seizing property and charging innocent person, sufficient to cause the Defendant to stop said activity.

C) Award Plaintiff prejudgment and post judgment interest on all monetary awards made.

D) Award such other further relief as is necessary and proper.

Robert P. DeSanto (0007477)
Attorney for Plaintiff
930 Claremont Avenue
Ashland, OH 44805
Telephone: (419)289-1454

## JURY DEMAND

Plaintiff demands trial by jury.

Robert P. DeSanto (0007477)