UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**Edward Alexander,**

    **Plaintiff,**

    v.

**The City of Zanesville,** *et al.***,**

    **Defendants.**

Case No. C2-07-405
JUDGE SMITH
Magistrate Judge Kemp

## OPINION AND ORDER

Plaintiff Edward Alexander asserts federal claims under 42 U.S.C. § 1983 for violations of his Fourth and Fourteenth Amendment rights against officials of Muskingum County, Ohio and the City of Zanesville. Defendant Sheriff Robert Stephenson has moved to dismiss Plaintiff's claims against him asserting that Plaintiff has failed to plead conspiracy, that he is entitled to qualified immunity, and immunity under Ohio Revised Code § 2744, *et seq* (Doc. 20). Plaintiff has filed his response (Doc. 21), and the motion is now ripe for review. For the reasons that follow, the Court **GRANTS** Defendant Stephenson's Motion to Dismiss.

### I. FACTS

Plaintiff Edward Alexander is a citizen of the State of Ohio and the owner of Aces High within the City of Zanesville, Muskingum County, Ohio. Plaintiff brings this lawsuit against the City of Zanesville, employees of the City of Zanesville, and Muskingum County Sheriff Robert Stephenson. Defendant Stephenson is named as a defendant in his individual and official capacities.

On November 15, 2006, Plaintiff was at his business, Aces High, in Zanesville, Ohio. Defendant Eric Lambes, the Chief of Police for the City of Zanesville, and other Zanesville Police Officers arrived at Plaintiff's business. Defendant Lambes seized 10 "skill-based amusement machines" from Plaintiff's business. (Compl. ¶¶ 14, 17-19). The machines were seized without a warrant. (Compl. ¶ 21).

On the same day, Defendants Hillis, the Zanesville Police Department and the City of Zanesville filed a one-count complaint against Plaintiff charging him with operating a gambling house, alleging that the seized machines were gambling machines. (Compl. ¶ 25). On January 23, 2007, in case number 06CRB01815 in the Zanesville Municipal Court, the court found that Defendant Lambes had no probable cause to associate the machines with criminal activity and found that Defendants illegally seized the machines and ordered them returned to Plaintiff. (Compl. ¶26).

On January 12, 2007, Defendant Hillis filed a twelve-count complaint against Plaintiff, alleging that the 10 machines were mechanical amusement devices, not gambling machines, and that Plaintiff did not have the proper license for the machines. The City of Zanesville requires licensing of amusement arcades and mechanical amusement devices. (Compl. ¶ 27). Plaintiff did apply for a license for mechanical amusement devices in October 2006, but was denied. (Compl. ¶29). Plaintiff asserts that "Defendants Hillis and Brandon made it impossible for the Plaintiff to obtain a license and refused to review his application." (*Id*.).

On February 16, 2007, Defendants Hillis and the City of Zanesville dismissed the November 15, 2006 complaint of gambling despite Plaintiff's agreement to allow the machines to be used as evidence at trial. (Compl. ¶ 28).

On April 4, 2007, the Zanesville Municipal Court Judge, William Joseph, dismissed the 12 charges against Plaintiff, finding that the Zanesville ordinance under which Plaintiff was charged, did not apply to skill based amusement machines. (Comp. ¶ 30).

Plaintiffs initiated this case on April 12, 2007, in the Common Pleas Court of Muskingum County, Ohio. Defendants removed the case to this Court. Plaintiff asserts that as a result of Defendant's constitutional violations, he suffered lost monetary business profits, future monetary business loss, public disgrace for being characterized as a gambler, emotional distress, and attorneys fees.

## II.  RULE 12(b)(6) STANDARD

When considering a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, a court must construe the complaint in the light most favorable to the plaintiff and accept all well-pleaded material allegations in the amended complaint as true. *See Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Roth Steel Prods. v. Sharon Steel Corp.*, 705 F.2d 134, 155 (6th Cir. 1983). A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. *Roth Steel Prods.*, 705 F.2d at 155. The merits of the claims set forth in the complaint are not at issue on a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. *Rauch v. Day & Night Mfg. Corp.*, 576 F.2d 697, 702 (6th Cir. 1978). Rule 12 (b)(6) must be read in conjunction with Rule 8(a) of the Federal Rules of Civil Procedure which

provides that a pleading for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356, at 296 (2d ed. 1990). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. *Id.*

Although the court must apply a liberal construction of the complaint in favor of the party opposing the motion to dismiss, a court will not accept conclusions of law or unwarranted inferences of fact cast in the form of factual allegations. *See Blackburn v. Fisk Univ.*, 443 F.2d 121, 124 (6th Cir. 1971); *see also Bell Atlantic Corp. v. Twombly*, 550 U.S. ___, 127 S. Ct. 1955, 1964-65 (2007)[1]. A plaintiff's obligation to provide the "grounds" of their entitlement to relief requires more than labels and conclusions or a formulaic recitation of the elements of the cause of action. *See LULAC v. Bredesen*, 2007 U.S. App. LEXIS 20556 at *3-4 (6th Cir. 2007) (*citing Bell Atlantic Corp. v. Twombly*, 127 S. Ct. at 1964-65). The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief. *Id.*

---

[1] In this recent *Bell Atlantic Corp.* case, the United States Supreme Court rejected the language previously used by the Court in *Conley v. Gibson*, providing that "[i]n appraising the sufficiency of the complaint we follow, of course, the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. 41, 45-46 (1957). *See Bell Atlantic Corp.*, 127 S.Ct. at 1969 (holding that the *Conley* "no set of facts" language "has earned its retirement" and "is best forgotten.").

### III. DISCUSSION

Defendant Sheriff Robert Stephenson moves to dismiss Plaintiff's claim against him. Specifically, Plaintiff's Complaint alleges that:

> Sheriff Robert Stephenson conspired with other defendants to force lawful business from Muskingum County in reckless disregard of the facts and the law which resulted in the unlawful prosecution of the Plaintiff. Upon information and belief, Defendant Sheriff Robert Stephenson was motivated not by public duty but by personal animosity.
>
> *   *   *
>
> On or about October of 2006, Defendant, Sheriff Robert Stephenson unlawfully conspired to drive out skill based amusement business from Muskingum County by intimidation and issuing threats and encouraging other public officials to do the same.

(Compl. ¶¶ 12 and 15). These are the only allegations in the Complaint that pertain to Defendant Stephenson. Defendant Stephenson argues that Plaintiff's claim against him should be dismissed because Plaintiff has failed to plead conspiracy with specificity, that he is entitled to qualified immunity and that he is immune under O.R.C. § 2744, *et seq*.

**A.   Civil Rights Conspiracy Claim**

Defendant Stephenson argues that Plaintiff's civil rights conspiracy claim is pled in a conclusory manner and is not plead with the degree of specificity required by the Sixth Circuit, and therefore must be dismissed. The Sixth Circuit has defined civil conspiracy as:

> an agreement between two or more persons to injure another person by an unlawful action. Each conspirator need not have known all of the details of the illegal plan or all of the participants involved. All that must be shown is that there was a single plan, that the alleged coconspirator shared in the general conspiratorial objective, and that an overt act was committed in furtherance of the conspiracy that caused injury to the complainant.

5

*Hooks v. Hooks*, 771 F.2d 935, 943-44 (6th Cir. 1985); *see also Mettetal v. Vanderbilt Univ.*, 147 Fed. Appx. 577, *585 (6th Cir. 2005).  In order to sustain a cause of action for conspiracy under § 1983, Plaintiff must show that there was: 1) a single plan, 2) that the alleged co-conspirator shared in the general conspiratorial objective, and 3) that an overt act was committed in furtherance of the conspiracy that deprived Plaintiff of his civil rights.  *Id.*  Neither an express agreement is required, nor knowledge of all the details of the plan or its participants.  *Id.*

Nevertheless, in order to state a claim for conspiracy under § 1983, Plaintiff must plead to the conspiracy with some specificity, for "vague and conclusory allegations unsupported by material facts will not be sufficient to state [a] claim [for conspiracy] under § 1983."  *Hickey v. Hollister*, 1994 U.S. App. LEXIS 4045 (6th Cir. 1994); *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987); *Horton v. Martin*, 137 Fed. Appx. 773 (6th Cir. 2005); and *Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984).  Therefore, the complaint must set forth factual allegations to support the underlying conspiracy claim in order to survive a 12(b)(6) motion; a complaint that broadly alleges negligence with no further factual allegations is insufficient.  *Gutierrez*, 826 F.2d at 1538.  Courts traditionally view conspiracy claims against public officials with suspicion and disfavor.  *Fisher v. City of Detroit*, 1993 U.S. App. LEXIS 23277 (6th Cir. 1993).

In the instant case, Plaintiff has failed to allege material facts to show that Defendants, including Defendant Stephenson, engaged in a single plan to violate Plaintiff's constitutional rights.  Instead, Plaintiff succinctly concludes in his Complaint that Defendant Stephenson "conspired with other defendants to force lawful business form Muskingum County. . . which resulted in the unlawful prosecution of the Plaintiff."  (Compl. ¶ 12).  Plaintiff also alleges in a conclusory manner that "Sheriff Robert Stephenson unlawfully conspired to drive out skill based

6

amusement business from Muskingum County by intimidation and issuing threats and encouraging other public officials to do the same." (Compl. ¶ 15). However, nothing in these conclusory allegations against Defendant Stephenson suggests that two or more of the defendants acted jointly under a single plan to deprive Plaintiff of his constitutional rights. In addition, there is nothing in the Complaint that shows a connection between any actions by Defendant Stephenson and the actions of the other defendants in the seizure of Plaintiff's machines and his ultimate prosecution. Further, there is no evidence whatsoever that Defendant Stephenson was involved in any way in the arrest and/or prosecution of Plaintiff. Aside from the mere allegation that Defendant Stephenson was somehow involved in a conspiracy, Plaintiff does not set forth any additional factual allegations indicating when, where, or how the Defendants conspired to deprive Plaintiff of any constitutional right. Accordingly, the Court finds that Plaintiff has failed to plead, with sufficient particularity, his civil conspiracy claim against Defendant Stephenson.

B.  **Qualified Immunity**

Defendant Stephenson, as an alternative theory in support of his motion to dismiss, asserts that he is entitled to qualified immunity. Under the doctrine of qualified immunity, government officials performing discretionary functions are immune from suit unless the plaintiff shows the official violated "clearly established statutory or constitutional rights of which a reasonable person would have known." *Conn v. Gabbert*, 525 U.S. 286, 290 (1999) (*quoting Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982)). "The central purpose of affording public officials qualified immunity from suit is to protect them 'from undue interference with

their duties and from potentially disabling threats of liability.'" *Elder v. Holloway*, 510 U.S. 510, 514 (1994) (*quoting Harlow*, 457 U.S. at 806). Qualified immunity operates "to protect officers from the sometimes hazy border between excessive and acceptable force." *Saucier v. Katz*, 533 U.S. 194, 206 (2001). The burden is on the plaintiff to show that the defendant is not entitled to qualified immunity. *Smoak v. Hall*, 460 F.3d 768, 778 (6th Cir. 2006).

The Court must apply a two-step test to determine whether qualified immunity protects a government official. *Conn*, 526 U.S. at 290; *Buchanan v. City of Bolivar*, 99 F.3d 1352, 1358 (6th Cir. 1996). The first step is to determine whether a violation of a clearly established constitutional right has occurred. *Conn*, 526 U.S. at 290; *Dickerson v. McClellan*, 101 F.3d 1151, 1157 (6th Cir. 1996). If a constitutional violation is found, the second step is to determine whether an objectively reasonable public official in the circumstances would have recognized that his conduct violated the clearly established constitutional right. *Conn*, 526 U.S. at 290; *Buchanan*, 99 F.3d at 1358; *Dickerson*, 101 F.3d at 1158.

To be clearly established at the time of the conduct in question, the constitutional right must have been recognized by the U.S. Supreme Court, the United States Court of Appeals for the Sixth Circuit, this Court or other courts within the Sixth Circuit, or, in some cases, courts of other circuits. *Sheets v. Moore*, 97 F.3d 164, 166 (6th Cir. 1996); *Dickerson*, 101 F.3d at 1158. "The contours of the right must be sufficiently clear that a reasonable person would understand that what he is doing violates that right." *Sheets*, 97 F.3d at 166. "This is not to say that an official action is protected by qualified immunity unless the very action has previously been held unlawful, but it is to say that in light of pre-existing law the unlawfulness must be apparent." *Id.* (*quoting Anderson v. Creighton*, 483 U.S. 635, 640 (1987)).

Plaintiff asserts that Defendant Stephenson violated his constitutional rights by participating in a civil conspiracy.  However, as set forth above, Plaintiff has not sufficiently plead a claim for civil conspiracy.  Defendant Sheriff Stephenson was not involved in any aspect of Plaintiff's arrest and/or prosecution.   The Court finds that Plaintiff has failed to establish that Defendant Stephenson violated his constitutional rights.  Defendant Stephenson is therefore entitled to qualified immunity.

C.     **State Law Immunity**

Defendant Stephenson offers a third alternative theory in support of his motion to dismiss, that he is entitled to immunity under Ohio Revised Code § 2744.  After concluding that Plaintiff has failed to sufficiently plead a civil conspiracy claim and that Defendant Stephenson is entitled to qualified immunity, the Court does not find it necessary to address this argument.

### IV.    DISPOSITION

For all of the foregoing reasons, the Court **GRANTS** Defendant Stephenson's Motion to Dismiss.  This case remains pending against Defendants the City of Zanesville, Scott Hillis, Eric Lambes, Zanesville Police Department, and Robert Brandford.

The Clerk shall remove Document 20 from the Court's pending motions list.

**IT IS SO ORDERED.**

*/s/ George C. Smith*
**GEORGE C. SMITH, JUDGE**
**UNITED STATES DISTRICT COURT**